UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES NEUMAN, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 13-cv-0719 (KBJ) |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| Defendants. ) | |

# MEMORANDUM OPINION

Pro se Plaintiff Charles Neuman ("Plaintiff" or "Neuman") has brought the instant action against the United States, the Department of Justice, and U.S. Immigration and Customs Enforcement (collectively "Defendants") under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2012), to pursue records related to his 2009 criminal conviction for a series of crimes arising out of the operation of a counterfeiting ring. Defendants provided certain documents to Neuman in response to a FOIA request, but some of the pages were heavily redacted. Neuman's lawsuit alleges that Defendants have wrongfully withheld information contained in twenty-five of the responsive documents.

Before this Court at present is Defendants' motion for summary judgment, which maintains that all responsive documents have been released to Plaintiff and that Defendants were entitled to withhold portions of the documents under FOIA Exemptions 6, 7(C), 7(E), and 7(F), and also under Privacy Act Exemption (j)(2). In

1

his opposition, Plaintiff responds only to Defendants' invocation of Exemptions 7(C) and 7(E), leaving this Court to conclude that Plaintiff has conceded the applicability of FOIA Exemptions 6 and 7(F) and Privacy Act Exemption (j)(2). Moreover, while this Court is persuaded that FOIA Exemption 7(E) has been properly applied, this Court is not in a position to determine the validity of Defendant's invocation of Exemption 7(C)—the paucity of the record and the unsatisfactory nature of Defendants' *Vaughn* index render it impossible to determine whether that exemption is appropriate. Consequently, Defendants' motion for summary judgment will be **GRANTED IN PART** and **DENIED IN PART**, and this Court will order Defendants to submit for *in camera* review certain documents—in both redacted and unredacted form—as well as an updated *Vaughn* index that more precisely lays out the reason behind each redaction. As the separate order accompanying this memorandum opinion establishes, once Defendants have satisfied these threshold requirements, they will be permitted to resubmit their motion for summary judgment with respect to the withholdings that are based on Exemption 7(C).

## I. BACKGROUND

The Freedom of Information Act request underlying the present litigation stems from Plaintiff's conviction in January of 2009 of a host of crimes related to the operation of a counterfeit ring, including the crime of being a felon-in-possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). (Compl., ECF No. 1, at 6.)[1] On May 21, 2012, Plaintiff filed a FOIA request with U.S. Immigration and Customs Enforcement ("ICE"), which was the investigating agency behind Plaintiff's 2009

---

[1] Page numbers throughout this Opinion refer to those that the Court's electronic filing system assigns.

convictions.  (*Id.* ¶ 6.)  Plaintiff requested "all information in [ICE's] possession that involves [ICE's] investigation of me for any and all criminal conduct[,]" as well as all information in the agency's possession relating to the particular case that resulted in Plaintiff's 2009 conviction.  (*Id.* ¶ 7.)

Plaintiff's belief that certain potentially exculpatory evidence was unlawfully withheld during his trial in 2009 apparently was the motivation behind this FOIA request.  In particular, Plaintiff contends that a witness at his trial had provided information to ICE officials during the pre-trial investigation that suggested Plaintiff could not have been in possession of the gun that led to his conviction of being a felon-in-possession of a firearm (*id.* ¶¶ 12-13), and that this exculpatory information was not provided to Plaintiff prior to trial, in violation of his statutory and constitutional rights (*id.* ¶ 15).[2]  Plaintiff has sought to utilize the FOIA process as a means of unearthing that allegedly exculpatory evidence.

On October 15, 2012, ICE released 80 documents responsive to Plaintiff's FOIA request, totaling 207 pages of responsive material.  (FOIA Response Letter (Oct. 15, 2012), Ex. 4 to Defs.' Mot. for Summ. J., ECF No. 17-1, at 72.)  Every page was partially redacted.  (*Id.*)  ICE claimed that these redactions were based on four statutory disclosure exemptions:  FOIA's Exemptions 6, 7(C), and 7(E) and the Privacy Act's Exemption (j)(2).  (*Id.* at 72-73.)  On November 5, 2012, Plaintiff filed an administrative appeal, challenging the heavy redaction of twenty-five of the released documents, but ICE determined on review that those documents were properly redacted.  (FOIA Response Letter (Jan. 8, 2013), Ex. 7 to Defs.' Mot. for Summ. J., ECF No. 17-1

---

[2] Plaintiff argues that the failure to turn over this evidence constitutes a violation of the Jencks Act, 18 U.S.C. § 3500 (2006), and *Brady v. Maryland*, 373 U.S. 83 (1963).  The merits of this argument is not at issue in the instant case.

3

at 81-82).³  Thereafter, Plaintiff filed the instant FOIA lawsuit, disputing the validity of ICE's redactions.⁴

On December 16, 2013, Defendants filed a motion for summary judgment. (Defs.' Mot. for Summ. J. ("Defs.' Mot."), ECF No. 17.) This motion includes an affidavit and various exhibits that are intended to clarify the reasoning behind the disputed redactions. First, Defendants argue that the disclosure provisions of the Privacy Act do not apply to the particular records at issue here and thus full disclosure is not required. (Defs.' Mem. in Supp. of Mot. for Summ. J. ("Defs.' Mem."), ECF No. 17, at 21-22.) Second, Defendants assert that FOIA Exemptions 6 and 7(C) are applicable because "the substantial privacy interests of law enforcement agents and other individuals" outweigh "the non-existent public interest." (*Id.* at 29.) Third, Defendants assert that they properly withheld various "database codes, case numbers, and numeric references" under Exemption 7(E). (*Id.* at 30.) Finally, Defendants claim that any information identifying third parties falls under Exemption 7(F) because such information "could put them and their families at great risk of physical danger." (*Id.* at 32.)

Plaintiff submitted his opposition to Defendants' summary judgment motion on February 10, 2014, arguing that there remains a genuine dispute regarding whether Defendants properly invoked FOIA Exemptions 7(C) and 7(E). (Pl.'s Opp'n to Defs.' Mot. ("Pl.'s Opp'n"), ECF No. 19, at 1.) Defendants' summary judgment motion has

---

³ According to the descriptions that appear in the complaint and in Defendants' *Vaughn* index, the twenty-five documents at issue in this case are numbered 38, 41, 43, 49-54, and 65-80. (*See* Compl. ¶ 9; *Vaughn* Index, Ex. 1 to Defs.' Mot. for Summ. J., ECF No. 17-1, at 21-63.)

⁴ Shortly after this action was filed, ICE reviewed these documents a third time and decided that more of the content could be released. (Defs.' Statement of Material Facts, ECF No. 17 ¶¶ 17-18). However, the agency maintains that the remaining redactions are permitted under established exemptions to FOIA.

been fully briefed, and is now ripe for this Court's review.

## II. LEGAL STANDARDS

### A. The FOIA And Exemptions 6 And 7

The FOIA "was enacted to facilitate public access to Government documents" in order to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (internal quotation marks and citation omitted). Pursuant to the text of the FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." *See* 5 U.S.C. § 552(a)(3)(A). Notably, despite the clear "prodisclosure purpose" of the statute, *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004), the FOIA also contains nine exemptions—*i.e.*, specified circumstances under which disclosure is not required. 5 U.S.C. § 552(b). These exemptions "must be narrowly construed." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). Moreover, "the strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *Ray*, 502 U.S. at 173.

Two FOIA Exemptions are at issue here: Exemptions 6 and 7. Exemption 6 permits the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(6). Exemption 7 covers a broad array of materials relating to "records or information compiled for law enforcement purposes[.]" *Id.* § 552(b)(7). This is not a blanket exemption; instead, law enforcement materials are only exempted from

5

disclosure if they meet one of six further requirements.

Two of those further requirements—labeled 7(C) and 7(E)—relate to the redactions at issue in this case. Exemption 7(C) covers information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy[.]" *Id.* § 552(b)(7)(C). In order to determine whether information was validly withheld under Exemption 7(C), the Court must balance the privacy interests of the affected party with the public's interest in the information. *See Favish*, 541 U.S. at 172 ("The statutory direction that the information not be released if the invasion of personal privacy could reasonably be expected to be unwarranted requires the courts to balance the competing interests in privacy and disclosure."); *accord Schrecker v. DOJ*, 254 F.3d 162, 166 (D.C. Cir. 2001).[5] Exemption 7(E) covers information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law[.]" 5 U.S.C. § 552(b)(7)(E).

**B. Summary Judgment In FOIA Cases**

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of proving that they are entitled to summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In the FOIA context, a district court reviewing a motion for summary

---

[5] "[T]he standard for evaluating a threatened invasion of privacy interests resulting from the disclosure of records compiled for law enforcement purposes is somewhat broader than the standard applicable to personnel, medical, and similar files." *DOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 756 (1989). As such, any information that satisfies Exemption 7(C)'s standard is also likely to satisfy the standard for Exemption 6.

6

judgment conducts a de novo review of the record, and the responding federal agency bears the burden of proving that it has complied with its obligations under the FOIA. *See* 5 U.S.C. § 552(a)(4)(B); *see also In Def. of Animals v. Nat'l Insts. of Health*, 543 F. Supp. 2d 83, 92–93 (D.D.C. 2008). Because the court must analyze all underlying facts and inferences in the light most favorable to the FOIA requester, *see Willis v. DOJ*, 581 F. Supp. 2d 57, 65 (D.D.C. 2008), summary judgment for an agency is only appropriate after the agency proves that it has "fully discharged its [FOIA] obligations." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996)).

The agency may prove compliance with the FOIA through affidavits from officials within the relevant agency. *See Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); *Robinson v. Att'y Gen. of U.S.*, 534 F. Supp. 2d 72, 78 (D.D.C. 2008). Such affidavits alone may justify a grant of summary judgment so long as they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (footnote omitted). The agency may also opt to submit the withheld material for review by the Court *in camera*, or it may submit a listing of the material that was withheld in response to a FOIA request, along with a specific statement of the reasons for the withholding. *See Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 145-46 (D.C. Cir. 2006) (describing purpose and requirements of a *Vaughn* index).

While the pleadings of pro se parties are to be "liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than

7

formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted), "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure[.]" *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted). This means that, in FOIA cases as elsewhere, a pro se plaintiff must meet his burden of proving that there exists a genuine dispute as to a material fact to survive a motion for summary judgment. *See, e.g.*, *Brillhart v. FBI*, 869 F. Supp. 2d 12, 17 (D.D.C. 2012) (granting summary judgment in a FOIA case where a pro se plaintiff failed to prove genuine dispute of material fact as to adequacy of defendant's search for documents); *see also McCauley v. Salazar*, No. 11-2296, 2014 WL 1500048, at *3 (D.D.C. Apr. 17, 2014) (granting summary judgment where pro se plaintiff failed to prove there existed a genuine dispute of material fact).

## III. DISCUSSION

To justify the redactions that were made with respect to the documents Defendants produced in response to Plaintiff's FOIA request, Defendants have invoked several exemptions from the laws governing disclosure of documents—only some of which are currently in dispute. Defendants claim to have withheld information on the basis of FOIA Exemptions 6, 7(C), 7(E), and 7(F), as well as Privacy Act Exemption (j)(2), but in his opposition to Defendants' summary judgment motion, Plaintiff responds only to Defendants' arguments regarding the applicability of FOIA Exemptions 7(C) and 7(E). (*See* Pl.'s Opp'n at 2-4.) This Court construes Plaintiff's failure to respond to Defendants' claim that documents were properly redacted under FOIA Exemptions 6 and 7(F) and Privacy Act Exemption (j)(2) as a concession that

8

these exemptions were properly invoked, and summary judgment will be entered in Defendants' favor with respect to the withholdings that were made pursuant to these exemptions. *See Gamboa v. Exec. Office for U.S. Att'ys*, No. 12-1220, 2014 WL 4219724, at *7 (D.D.C. Aug. 26, 2014) ("Absent any opposition from plaintiff . . . the Court treats their arguments as conceded."); *Augustus v. McHugh*, 870 F. Supp. 2d 167, 172 (D.D.C. 2012) (finding that, after failing to respond to agency's justifications, Plaintiff's "arguments will be deemed conceded, and summary judgment will be entered in favor of the Secretary"); *Brillhart*, 869 F. Supp. 2d at 15 ("Plaintiff does not challenge, and thus concedes, defendant's properly documented reasons for redacting information[.]").

Turning to the only two disputed exemption grounds—FOIA Exemptions 7(C) and 7(E)—this Court accepts Defendants' argument that Exemption 7(E) was properly applied but concludes that the record is insufficient to permit a ruling on the applicability of Exemption 7(C) at this time, as explained further below.

**A. Exemption 7(C)**

As previously noted, Exemption 7(C) permits the withholding of law enforcement information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In order to determine whether information was validly withheld under Exemption 7(C), the Court must balance the privacy interest of the affected party with the public's interest in the information, *see Favish*, 541 U.S. at 172. Defendants assert that unnamed third parties have a privacy interest that justifies the redactions here because "[r]eleasing their identities and information . . . would place each of these persons in such a position that

9

they may suffer undue invasions of privacy, harassment and humiliation from disclosure of their identities in a law enforcement investigatory file." (Defs.' Mem. at 29.) However this contention is purely conclusory; the materials that Defendants submit in support of their summary judgment motion do not even speak to the privacy interests at stake, much less establish that releasing the information would jeopardize any such interests.

Defendants have submitted (1) an affidavit from Catrina Pavlik-Keenan, Director of ICE's FOIA office (Decl. of Catrina Pavlik-Keenan ("Pavlik-Keenan Decl."), ECF No. 17-1, at 2-20.); (2) a *Vaughn* index listing the documents, the number of pages, and the exemptions that are applicable to each document (*Vaughn* Index, Ex. 1 to Defs.' Mot., ECF No. 17-1, at 22-63); and (3) various administrative documents related to Plaintiff's initial request for documents and subsequent administrative appeal (*see* Exs. 2-8 to Pavlik-Keenan Decl., ECF No. 17-1, at 65-87). The affidavit lays out the procedural history of Plaintiff's FOIA request, lists the various exemptions that ICE has applied, and then attempts to explain why those exemptions have been applied in this case. (Pavlik-Keenan Decl. ¶¶ 11-52.) However, the affidavit adopts the same conclusory tone as Defendants' motion for summary judgment—often relying on a restatement of the relevant legal standard as evidence of an exemption's applicability. (*See, e.g.*, Pavlik-Keenan Decl. ¶ 44 ("The release of this information in the context of these records could reasonably cause these individuals humiliation, embarrassment, hostility which could constitute a clearly unwarranted invasion of privacy.").)

Defendants' *Vaughn* index fares no better for purposes of the instant motion. The *Vaughn* index contains four columns: the first column contains the page numbers

of the relevant documents; the second column lists each document by number; the third column states the exemptions applicable to each document; and the fourth column provides additional statements related to the exemptions listed in the third column. Although the *Vaughn* index lists all eighty documents that Defendants found responsive to Plaintiff's FOIA request, in the second column it identifies each and every document as a "Report of Investigation" or "ROI". (*See Vaughn* Index.) Thus, it is entirely unclear what sort of information each document contains even in the broadest terms. As noted, the *Vaughn* index does reveal that the documents range in length from one to six pages, which indicates that there is some difference in content between each document. (*Compare id.* at 43 (listing six pages for ROI 043) *with id.* at 49 (listing one page for ROI 054).) But a statement related to page length alone hardly qualifies as the kind of "specific factual description of each document sought," *Smith v. DOL*, 798 F. Supp. 2d 274, 281 (D.D.C. 2011), that has been found to be sufficient to substitute for submission of the documents themselves. [6]

Significantly, in the third column of Defendants' *Vaughn* index, the same three FOIA exemptions are listed as applying to every document—Exemptions 6, 7(C), and 7(E)—and in the fourth column, the exact same boilerplate language is used to describe the redactions in every document, despite the fact that all of the exemptions cited presumably do not apply to every single redaction in every document. In this regard, the *Vaughn* index presents a sort of wholesale description of the documents and redactions with respect to the entire production, without connecting each exemption to

---

[6] Although it is well established that the government can ordinarily submit a *Vaughn* index in lieu of the documents at issue, *see Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006), there is also no question that the index must provide a description that is sufficiently detailed to permit the Court to make the requisite analysis.

11

each redaction, and it thereby fails to provide any means for identifying or distinguishing between any of the redactions contained in the responsive documents.

Although a *Vaughn* index has "no set form," *Lardner v. FBI*, 852 F. Supp. 2d 127, 137 (D.D.C. 2012), it is well established that the agency's listing must nevertheless "enable the court and the opposing party to understand the withheld information in order to address the merits of the claimed exemptions." *Judicial Watch, Inc.*, 449 F.3d at 150. To this end, a *Vaughn* index should "provide 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply[.]'" *Morley v. CIA*, 508 F.3d 1108, 1122 (D.C. Cir. 2007) (quoting *King v. DOJ*, 830 F.2d 210, 219 (D.C. Cir. 1987)). This last element—correlating the justification with a specific part of a document—is especially important in a case such as this one, where Plaintiff is not contesting every exemption; yet, these critical links are entirely missing from the *Vaughn* index that Defendants have submitted to justify the redactions at issue here.

What is more, this Court notes that the record contains only one of the twenty-five partially redacted documents Plaintiff is challenging. When combined with the inadequacy of the *Vaughn* index, the lack of access to the documents at issue means that the Court cannot possibly determine the nature of the disputed documents, much less evaluate the extent of the redactions that have purportedly been made to protect personal privacy. As explained, an evaluation of Defendants' application of Exemption 7(C) requires the Court to consider the strength of a third party's privacy interest, which, in turn, might depend on the the context in which the third party is mentioned.

However, with respect to the instant dispute, this Court has not been provided with either a detailed description of the documents at issue or a copy of the redacted materials.

Finally, there is some reason to question whether Defendants' Exemption 7(C) redactions are entirely appropriate. Based on what little information the record here contains, Defendants may not be able to rely on the Exemption 7(C) privacy interest argument with respect to at least one individual whose name has purportedly been redacted because, according to Plaintiff, that individual's name appears in at least one of the redacted documents provided to him, perhaps as a result of an administrative oversight. (*See* Compl. at ¶ 11.)[7] Plaintiff argues, for good reason, that Defendants cannot reasonably contend that an "undue invasion[] of privacy, harassment and humiliation" would result from this individual being identified elsewhere in that document or in the other materials (Defs.' Mem. at 29), and this Court notes that Defendants have provided no other explanation for continuing to withhold information pertaining to that individual.

As a result of the various deficiencies described, this Court concludes that it does not have sufficient information to rule on the propriety of Defendants' reliance on Exemption 7(C), and will order that Defendants provide, for *in camera* review, copies of the presumably small number of disputed documents that contain Exemption 7(C) withholdings, in both their redacted and unredacted form. *See PHE, Inc. v. DOJ*, 983 F.2d 248, 252 (D.C. Cir. 1993) ("We have suggested that *in camera* review is appropriate when agency affidavits are not sufficiently detailed to permit meaningful

---

[7] This is not just any witness—the named witness is supposedly the person who Plaintiff alleges provided potentially exculpatory information to Defendants. (Pl.'s Opp'n at 3.)

assessment of the exemption claims."); *see also Hall & Assocs. v. EPA*, 846 F. Supp. 2d 231, 245 (D.D.C. 2012) (noting that *in camera* review is authorized by 5 U.S.C. § 552(a)(4)(B) and may be performed at the discretion of the trial court).[8] This Court will further order Defendants to provide a revised *Vaughn* index that identifies which FOIA exemptions apply to which redactions with respect to the entire production. The revised index should also provide a context-specific justification for the application of Exemption 7(C), stating Defendants' position regarding exactly why disclosure would compromise an individual's privacy interests—it is not enough to copy and paste the same boilerplate language each time that exemption is invoked. Such specificity is especially important here because certain privacy interests may no longer exist in light of Defendants' possibly inadvertent disclosure of the identity of at least one person whose name appears in the documents.

**B. Exemption 7(E)**

As previously explained, Exemption 7(E) permits the withholding of law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law[.]" 5 U.S.C. § 552(b)(7)(E). In their motion for summary judgment, Defendants state that they have used this exemption to withhold "law enforcement database codes, case numbers, and numeric references" (Defs.' Mem. at 30), and Plaintiff asserts in his opposition that he is not interested in any such

---

[8] The total number of documents at issue in this case is relatively small—only 25 documents totaling 73 pages. The number of documents to be provided for *in camera* review may turn out to be even smaller, given that this Court only intends to evaluate those documents that contain the information that has been withheld on the basis of Exemption 7(C).

numbers; instead, he cares only about the substantive content of the documents that have been redacted (*see* Pl.'s Opp'n at 3 (stating that Plaintiff "is not seeking any TECS code, reference code, agents' names, etc.")). It is entirely possible that Defendants' boilerplate *Vaughn* index and blanket references to Exemptions 7(C), 7(E), and 7(F) have led to confusion regarding precisely what information has been withheld. In any event, the kinds of information that Defendants say has been redacted under Exemption 7(E)—which Plaintiff asserts that he is not requesting—is precisely the type of technical information that Exemption 7(E) protects. Therefore, to the extent that such information has been redacted from the contested documents (and, again, Defendants' recitation of the same generalized description for each document prevents this Court from being able to identify any specific instances in which Exemption 7(E) was invoked), there is no genuine dispute that Exemption 7(E) applies.

Plaintiff does make one argument against application of this exemption that warrants addressing, notwithstanding the concession above. Plaintiff claims that he already has some of the technical information that ICE has redacted, such as the names of certain law enforcement agents, and therefore, Plaintiff argues, the agency's need to withhold such information is rendered "moot." (*Id.* at 3.) This Court construes Plaintiff's characterization as an argument that the redacted information has already entered the public domain and is therefore non-exemptible.

It is clear beyond cavil that information in the public domain cannot be exempted from the FOIA's disclosure requirement. *Davis v. DOJ*, 968 F.2d 1276, 1279 (D.C. Cir. 1992). For the public domain exception to apply, however, Plaintiff must point to "specific information in the public domain that appears to duplicate that being

15

withheld." *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983). Here, Plaintiff claims that he already obtained the codes, numbers, and references that Defendants have withheld pursuant to Exemption 7(E) through an ICE investigation report that was released "[p]rior to Plaintiff's criminal trial in 2009" (Pl.'s Opp'n at 3)—an argument that suggests that the information was revealed as a result of trial-related discovery obligations. Unfortunately for Plaintiff, with respect to reliance on the public domain exception to an otherwise applicable FOIA exemption, "constitutionally compelled disclosure to a single party simply does not enter the public domain." *Cottone v. Reno*, 193 F.3d 550, 556 (D.C. Cir. 1999).[9]

Finally, there appears to be a strong possibility that some information, such as the names of law enforcement officials or other parties, may be exemptible under both FOIA Exemption 7(C) and Exemption 7(E). Given this Court's finding that *in camera* review is necessary to determine the applicability of Exemption 7(C), Defendants shall inform the Court, through their updated *Vaughn* index, whether and to what extent Exemption 7(E) forms an independent basis for an Exemption 7(C) redaction. Such specificity will permit the Court to determine the extent to which the information can be withheld on Exemption 7(E) grounds even if the Exemption 7(C) basis has not been adequately invoked with respect to a particular redaction.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' motion for summary judgment. There is no genuine issue of material fact in this case regarding Defendants' invocation of FOIA Exemptions 6,

---

[9] Plaintiff's argument may have had some traction if the redacted information had been introduced as *evidence* during Plaintiff's trial, *see Cottone*, 193 F.3d at 554-56, but Plaintiff states only that Defendants "released" the report to him "[p]rior to" his trial. (Pl.'s Opp'n at 3.)

16

7(E), and 7(F) and Privacy Act Exemption (j)(2); therefore, this Court will enter judgment in Defendants' favor with respect to the redactions that are based on those exemptions. With respect to application of Exemption 7(C), Defendants have thus far failed to meet their obligations under the FOIA, so, as set forth in the separate order that accompanies this opinion, the Court will require Defendants to submit the following: (1) redacted versions of each of the documents at issue in this case that contain redactions based on Exemption 7(C), (2) unredacted versions of those same documents, which will be reviewed *in camera*, and (3) a revised *Vaughn* index that clearly lays out which exemption applies to which redaction and the reason for that exemption's applicability.[10]

DATE: September 30, 2014

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[10] A revised index will not only permit the Court to identify clearly which redactions are based on Exemption 7(C), but will also assist the Court and the parties in determining which of the other redactions are grounded on bases that have either been conceded as proper or are authorized by the Court in this opinion.